JUAN MARI RAMOS, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1280.   Submitted December 3, 1951.—Decided March 31, 1952.

*Emilio Forestier Gregory* for appellant.   The Registrar appeared by brief.

---

[6] Act No. 2 of February 25, 1946, by which taxpayer's suit is forbidden, has nothing to do with the case herein.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

By deed No. 134 of November 23, 1950 executed before Notary Emilio Forestier Gregory, Juan Mari Ramos, *per se* and as attorney-in-fact of his wife Antonia Borrero, sold to Ramón Rivera Rivera a rural property with a recorded area of 150 cuerdas, according to its description in the first paragraph of the deed. It was also stated in that paragraph that said property was surveyed, measuring 156.2453 cuerdas, and that after making five segregations which amounted to a total of 19.9154 cuerdas, the remainder—which was described—contained 136.3299 cuerdas.

The Registrar recorded the property sold only as to the area of 130.0846 cuerdas which was the area with which said remainder appeared in the registry refusing to record the difference up to 136.3299 cuerdas with which it was described in the deed "because the corresponding survey certificate was not included," entering instead a cautionary notice for the statutory period.

Upon presenting the deed once more in the registry, this time together with a plan and a survey certificate made by Pablo Torrellas, Jr., on March 11, 1950 as set forth by the latter, the respondent Registrar denied record as to the excess area resulting from said survey ". . . because the survey was made on the whole property including five parcels which had been segregated and sold to third persons, without those persons having given their express consent to the survey nor to the inclusion of entire excess area which resulted from the survey with the rest of the main property after said segregations had been made."

Appellant alleges that he has complied with all the requirements that the court has established for the correction of area of a property which appears recorded with a lesser area than its survey shows; that the segregations were made prior to the survey, and that the fact that the prop-

erty had been surveyed in its entirety—including the segregations already made—did not prejudice the rights of the purchasers, since they obtained their parcels with an exact area according to the title they acquired and which they recorded in the Registry of Property of Mayagüez.

The rule established and repeatedly followed by this Court as to the registration of an excess area is that if the area does not exceed by 20 per cent the recorded area, the same may be recorded without need of resorting to a dominion title proceeding, but to do so it is necessary to make a survey after summoning the adjacent owners and presenting proof of the survey as well as of the summons, attaching to the deed a certificate of the surveyor to that effect. *Land Authority* v. *Registrar*, 62 P.R.R. 483 and cases cited therein; *Land Authority* v. *Registrar*, 65 P.R.R. 481; *Estrada* v. *Registrar*, 65 P.R.R. 909; *Pérez* v. *Registrar*, 67 P.R.R. 907. *Cf. P. R. Aqueduct Service* v. *Registrar*, 70 P.R.R. 216.

■ In the case at bar, although the certificate of the surveyor establishing both particulars, the survey, as well as the summons of the adjoining owners was presented, it appears that the survey was made of the entire property of 150 cuerdas and not of the remainder after the segregations were made. According to the entries in the registry—which the Registrar mentioned in his brief—two of the five segregations *were made* and *recorded* prior to March 11, 1950: one on January 30, 1950, in which a parcel was sold to José Cuebas Leder and another on February 13, 1950, which represented the sale of another parcel to the Public Recreation and Park Administration.

We find nothing in the ruling laid down in our aforesaid decisions authorizing the owner of an immovable of which different portions have been segregated and sold— without the consent of the owners of the portions—to include them in a survey of his property and establish an excess area in its remainder. The portions sold no longer belong to him.

They are another's property with a recordable status of themselves, which in turn may be independently surveyed, their respective owners having the right to benefit from any excess area that may appear from the survey.

The proceeding to be followed is a survey of the remaining property pursuant to the requirements already known. Otherwise, if as in the case at bar, portions already segregated from the principal property are included in the survey, it is necessary to obtain the consent of the owners of the parcels in order that the excess area be included only with the remaining portion.

The Registrar's note will be affirmed.